## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**FACEB LLC**

                       Plaintiff

    - v. -

**META PLATFORMS, INC.**

                    Defendant

CIVIL ACTION NO. _____

JURY TRIAL REQUESTED

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Faceb LLC ("Faceb") brings this complaint for declaratory relief against Defendant Meta Platforms, Inc. ("Meta") and alleges in support thereof as follows:

### INTRODUCTION

Faceb is a Connecticut limited liability company that owns and operates two websites relevant to this dispute; the websites are located at the Uniform Resource Locators ("URLs") https://faceb.com and https://facebo.com (jointly, the "Websites"). The Websites provide image-downloading and video-downloading services to their users. Within certain generous usage restrictions, these services are free to the public. The Websites allow users to download individual electronic images, image galleries, video recordings, and similar digital media from virtually any image-hosting site. Indeed, the Websites' services can be used to download materials from any of hundreds of different image-hosting websites on the Internet, as is expressly advertised on the Websites (*see* https://faceb.com/supported-sites/ and https://facebo.com/supported-sites/). The Websites are so-called "universal downloaders" that permit the downloading of publicly available video files, audio recordings, MP3 and MP4 files, and other images not protected by digital rights

1

management tools such as access control technologies, a practice commonly referred to as "format-shifting."  A user copies and pastes a URL link (to a supported website containing the content the user seeks to download) into the pertinent field on one of the Websites, and that Website then provides the user with a link to download the material. Alternatively, a user can enter the characters "faceb.com" or "facebo.com" into an Internet browser's address bar, followed with a "/", and the URL path of the desired media and thereby download and format-shift the chosen material in this fashion.

In connection with providing services through the Websites, Plaintiff makes use of the trademarks FACEB and FACEBO.  On or about April 25, 2025 and July 3, 2025, respectively, Faceb filed applications to register the trademarks FACEB and FACEBO with the United States Patent and Trademark Office ("USPTO"); the applications seek to register the marks for use in connection with "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections."

On or about November 10, 2025, Meta, acting through counsel, sent a cease-and-desist letter to Faceb claiming that the FACEB and FACEBO trademarks infringe on and dilute Meta's FACEBOOK trademark, and demanding that Faceb stop all use of those marks and withdraw the pending applications to register the FACEB and FACEBO marks.  Additionally, on or about November 11, 2025, Meta signaled its apparent intention to oppose registration of the FACEB trademark by filing with the USPTO's Trademark Trial and Appeal Board ("TTAB") a request for a ninety-day extension of time in which to oppose registration of the FACEB application.  Faceb thus faces a pressing, existential decision, *i.e.*, whether to surrender and abandon its trademark rights and fundamentally change its business identity, or instead continue using its trademarks and prosecuting its trademark applications under the dark cloud of Meta's actual and threatened enforcement

2

activities.  This is exactly the dilemma intended to be remedied by the Declaratory Judgment Act.

By this action, therefore, Faceb seeks a declaration that its FACEB and FACEBO trademarks do not infringe Meta's FACEBOOK trademark and do not dilute Meta's FACEBOOK trademark, and that by making use of its marks, Faceb has not engaged in unfair competition in violation of the Lanham Act or other applicable law.

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) (trademark disputes and claims concerning unfair competition), and 28 U.S.C. §§ 2201-2202 (Federal Declaratory Judgment Act).

2.      Venue is appropriate with this Court pursuant to 28 U.S.C. § 1391(b).

3.      Personal jurisdiction exists over the parties because Plaintiff is a duly-registered Connecticut entity and because Meta intentionally directed its trademark enforcement demands and trademark-related actions toward Faceb in this District, knowing that Faceb is located and operates within such District.  Moreover, Meta is a Delaware corporation authorized to transact business in the State of Connecticut.

4.      An actual controversy exists within the meaning of Article III.  The parties' dispute is definite and concrete, and it touches the legal relations of parties having adverse legal interests.  Meta's claims of trademark infringement and trademark dilution, its demands for abandonment of Faceb's trademark applications and cessation of use of Faceb's trademarks, and its actual and threatened use of adversarial mechanisms and proceedings at the U.S. Patent and Trademark Office and the Trademark Trial and Appeal Board satisfy the requisite standard.

## THE PARTIES

5.      Plaintiff Faceb is a limited liability company organized under the laws of the State of Connecticut with its principal place of business at 122 Pine Knob Drive, South Windsor, CT 06074. Its main business is operating the Websites.

6.      On information and belief, Defendant Meta is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, CA, and is authorized to transact business in the State of Connecticut.

## FACTS

7.      Since at least as early as April, 2025, Faceb has made commercial use of the trademark FACEB in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections.

8.      Since at least as early as June, 2025, Faceb has made commercial use of the trademark FACEBO in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections.

9.       On or about April 25, 2025, Faceb filed with the USPTO, on the actual-use basis, an application to register the trademark FACEB for use in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections, in International Class 42; the application subsequently was assigned serial number 99154889 (the '889 Application).  A copy of the '889 Application is attached hereto as Exhibit 1.

10.     Following Plaintiff's filing of the '889 Application, on information and belief Meta submitted a letter of protest to the USPTO, urging the Office to refuse registration of the FACEB mark on the grounds of confusing similarity to Meta's FACEBOOK mark.

4

11.    In examining the '889 Application and considering the letter of protest, the USPTO examiner declined to issue an objection to registration on likelihood-of-confusion grounds and instead approved the FACEB application for publication for opposition.

12.    The '889 Application received from the USPTO a Notice of Publication stating that the FACEB mark appears to be entitled to registration, and the application was published for opposition on October 14, 2025.

13.    On or about November 11, 2025, Meta requested and received from the TTAB a ninety-day extension of time in which to oppose registration of the '889 Application, giving Meta a deadline of February 11, 2026 to file a formal notice of opposition.

14.    On or about July 3, 2025, Faceb filed with the USPTO, on the actual-use basis, an application to register the trademark FACEBO for use in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections, in International Class 42; the application subsequently was assigned serial number 99267345 (the '345 Application).  A copy of the '345 Application is attached hereto as Exhibit 2.

15.    Following Plaintiff's filing of the '345 Application, on information and belief Meta again submitted a letter of protest to the USPTO, urging the Office to refuse registration of the FACEBO mark on the grounds of confusing similarity to Meta's FACEBOOK mark.

16.    In examining the '345 Application and again considering a letter of protest from Meta, the USPTO examiner again declined to issue an objection to registration on likelihood-of-confusion grounds and instead approved the FACEBO application for publication for opposition.

17.    The '345 Application has received a Notice of Publication from the USPTO, stating that the FACEBO mark appears to be entitled to registration, and will be published for opposition on

December 23, 2025.

18.     On or about November 10, 2025, Meta sent a cease-and-desist letter to Faceb, accusing Faceb (wrongfully) of trademark infringement and of dilution of Meta's FACEBOOK mark and demanding that Faceb withdraw the '889 and '345 Applications (the "Demand Letter").  A copy of the Demand Letter is attached hereto as Exhibit 3.

19.     The allegations, claims, and demands made in the Demand Letter are unfounded, inaccurate, overbroad, and have no basis in law or equity.

20.     The FACEB and FACEBO marks do not infringe on Meta's FACEBOOK mark and do not dilute Meta's FACEBOOK mark.

21.     There is no likelihood of confusion created or caused by the simultaneous commercial use of Meta's mark and Faceb's marks on the parties' respective goods and/or services.

22.     Faceb's commercial use of the FACEB and FACEBO marks also does not dilute or otherwise damage Meta's FACEBOOK mark.

## COUNT I

### (DECLARATION OF NON-INFRINGEMENT OF TRADEMARK)

23.     Faceb repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

24.     Based on the facts set forth in the foregoing allegations, an actual controversy now exists between Plaintiff Faceb and Defendant Meta regarding the issue of whether Faceb's use and registration of the trademarks FACEB and FACEBO on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections infringes Meta's rights in the FACEBOOK trademark.

25.     Absent a judicial resolution of this matter, Faceb will be uncertain as to whether its continued use and registration of the FACEB and FACEBO marks will expose Faceb to liability.

26.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Faceb may determine its rights and duties under the Lanham Act or other applicable law and the facts of this case.

## COUNT II

### (DECLARATION OF NON-DILUTION OF TRADEMARK)

27.     Faceb repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

28.     Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between Faceb and Meta regarding the issue of whether Faceb's use and registration of the FACEB and FACEBO trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections dilutes or damages Meta's FACEBOOK mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("FTDA"), or other applicable law.

29.     Absent a judicial resolution of this matter, Faceb will be uncertain as to whether its continued use and registration of the FACEB and FACEBO marks will expose Faceb to liability.

30.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Faceb may determine its rights and duties under the FTDA or other applicable law and the facts of this case.

## COUNT III

### (DECLARATION OF NO UNFAIR COMPETITION)

31.    Faceb repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

32.    Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between Faceb and Meta regarding the issue of whether Faceb's use and registration of the FACEB and FACEBO trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections amounts to unfair competition under the Lanham Act or any other applicable law.

33.    Absent a resolution in this matter, Faceb will be uncertain as to whether its continued use and registration of the FACEB and FACEBO marks will expose Faceb to liability.

34.    Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Faceb may determine its rights and duties under the Lanham Act or other applicable law and the facts of this case.

## DEMAND AND PRAYER

WHEREFORE, Plaintiff requests judgment as follows:

A.    A declaration of this Court that Faceb's use of the trademarks FACEB and FACEBO on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections does not infringe Meta's rights in the FACEBOOK mark and that Facebo is free to continue to use the FACEB and FACEBO trademarks on such services without restriction by Meta;

B.    A declaration of this Court that Faceb's use of the FACEB and FACEBO trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections does not dilute or otherwise damage Meta's rights in the FACEBOOK mark and that Faceb is free to continue to use the FACEB and FACEBO marks on such services without restriction by Meta;

C.    A declaration of this Court that Faceb's continued use of the FACEB and FACEBO trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections does not amount to unfair competition and that Faceb is free to continue to use the FACEB and FACEBO marks on such services without restriction by Meta;

D.    For all attorneys' fees and costs incurred in this suit by Faceb to be paid to Faceb by Meta pursuant to 15 U.S.C. § 1117(a) and as otherwise permitted by law; and

E.    For such other and further civil and equitable relief as the Court may deem just and proper.

Dated this the 19th day of December, 2025.

Respectfully Submitted by,

THE PLAINTIFF,

By:   /s/ David A. Ball
    David A. Ball (Federal Bar No. ct10154)
    Cohen and Wolf, P.C.
    1115 Broad Street
    Bridgeport, CT 06604
    Telephone: 203-337-4134
    dball@cohenandwolf.com

    Valentin Gurvits (MA Bar No. 643572)
    Frank Scardino (MA Bar No. 703911)
    Boston Law Group, PC
    825 Beacon Street, Suite 20
    Newton, MA 02459
    Telephone: 617-928-1804
    Telephone: 617-928-1805
    vgurvits@bostonlawgroup.com
    frank@bostonlawgroup.com
    *pro hac vice motions forthcoming*

# EXHIBIT 1

**Trademark/service mark application, Principal Register**
Serial number: 99154889
Mark: Faceb
Mark format: Standard character
Filing date: April 25, 2025 at 8:36:51 AM ET
Docket number: 100445.000004
Owner name: Faceb LLC
Amount paid: $ 350 (1 class)

# Trademark details

Mark
FACEB

Mark Format
**Standard character**
The mark consists of standard characters, without claim to any particular font style, size, or color.

# Owner information

| | |
|---|---|
| *Name | Faceb LLC |
| Entity type | Limited liability company |
| Place of organization/citizenship | Connecticut |
| **Mailing address information** | |
| *Address line 1 | 122 Pine Knob Dr. |
| *City | South Windsor |
| *State/territory | Connecticut |
| *Zip/postal code | 06074 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ******* |
| Primary telephone number | (860) 548-2600 |
| **Domicile address information** | |

The mailing address is the same as the owner's domicile address.

# Goods and services

## Filing basis information
Section 1(a)

## Identification of goods and services

| | |
|---|---|
| **International Class 042** | |

Filing basis: Section 1(a)
Software as a service (SAAS) services featuring software for **format-shifting, downloading, and transferring image galleries and collections.**

**Specimen Information**

| | |
|---|---|
| First use anywhere date | At least as early as 10/20/2023 |
| First use in commerce date | At least as early as 03/11/2025 |
| Specimen file name | Faceb Specimen.pdf |
| URL | https://faceb.com/ |
| Date of access | 04/24/2025 |
| Description | Screen Images from Applicant's website displaying the applied-for mark in connection with the SaaS and option for purchase |

# Additional statements

| | |
|---|---|
| Translation (if applicable) | |
| Transliteration (if applicable) | |
| Consent (name/likeness) (if applicable) | |
| Claim of ownership of active prior registrations(s) (if applicable) | |
| Section 2(f) Claim of acquired distinctiveness (if applicable) | |

| | |
|---|---|
| Additional statements including use of the mark in another form (if applicable) | |
| Significance of mark | |
| Disclaimer | |

## Attorney information

### Attorney name and address

| | |
|---|---|
| *Name | Ethan Ung |
| Law firm | Updike, Kelly & Spellacy PC |
| *Address line 1 | 225 Asylum St |
| *City | Hartford |
| *State/territory | Connecticut |
| *Zip/postal code | 06103 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | eung@uks.com |
| Primary telephone number | (860) 548-2600 |
| Extension | None specified. |

### Attorney registration information

| | |
|---|---|
| *Bar membership or registration number | ******* |
| *Jurisdiction | ******* |
| *Year of admission | ******* |

Statement of good standing

The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state or commonwealth, the District of Columbia, or any U.S. territory.

Docket or reference number

100445.000004

## Correspondence information

| | |
|---|---|
| *Correspondence name | Ethan Ung |
| *Primary correspondence email address | eung@uks.com |
| Docket or reference number | 100445.000004 |
| Courtesy copy email addresses | hello@faceb.com; trademark@uks.com; ethan.j.ung@outlook.com |

## Fee information

| | |
|---|---|
| Application filing option | Trademark/service mark application, Principal Register |
| Number of classes | 1 |
| Base application fee, per class | $ 350 |
| Total fees paid | $ 350 |

## Declaration and signature

### Declaration

[ X ] Basis:

If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

And/or

If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

[ X ] To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

[ X ] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

[ X ] The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

| | |
|---|---|
| Electronic Signature | /johnathan nader/ |
| Signatory's name | Johnathan Nader |
| Signatory's position | Co-Founder |
| Date signed | 04/24/2025 |
| Signature method | Electronic signature emailed to third party |

STAMP:USPTO/APPB-**.***.***.**-20250425083651473428464-99154889-16.1-e92b55e9-f123-4493-b5b9-9f361f1941a2-CARD-20250424164619773937

Faceb

URL: https://faceb.com/
Date Access: April 24, 2025



URL: https://faceb.com/pricing/?lang=en
Date Access: April 24, 2025



# EXHIBIT 2

**Trademark/service mark application, Principal Register**
Serial number: 99267345
Mark: facebo
Mark format: Standard character
Filing date: July 3, 2025 at 8:06:23 PM ET
Docket number: 100445.000004
Owner name: Faceb LLC
Amount paid: $ 350 (1 class)

# Trademark details

**Mark**
FACEBO

**Mark Format**

**Standard character**
The mark consists of standard characters, without claim to any particular font style, size, or color.

# Owner information

| | |
|---|---|
| *Name | Faceb LLC |
| Entity type | Limited liability company |
| Place of organization/citizenship | Connecticut |
| **Mailing address information** | |
| *Address line 1 | PO Box 1232, 850 Clark St |
| *City | South Windsor |
| *State/territory | Connecticut |
| *Zip/postal code | 06074 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ******* |
| Primary telephone number | (860) 548-2600 |
| **Domicile address information** | |
| Address line 1 | ******* |
| City | ******* |
| State/territory | ******* |
| Zip/postal code | ******* |
| Country/region/jurisdiction/territory | ******* |

# Goods and services

## Filing basis information

Section 1(a)

## Identification of goods and services

**International Class 042**
Filing basis: Section 1(a)
Software as a service (SAAS) services featuring software for **format-shifting, downloading, and transferring image galleries and collections.**

**Specimen Information**

| | |
|---|---|
| First use anywhere date | At least as early as 06/30/2025 |
| First use in commerce date | At least as early as 06/30/2025 |
| Specimen file name | Specimen URL Facebo.pdf |
| URL | https://facebo.com/ |
| Date of access | 07/03/2025 |
| Description | Screen Images from Applicant's website displaying the applied-for mark in connection with the SaaS and option for purchase |

# Additional statements

| | |
|---|---|
| Translation (if applicable) | |
| Transliteration (if applicable) | |

| | |
|---|---|
| Consent (name/likeness) (if applicable) | |
| Claim of ownership of active prior registrations(s) (if applicable) | |
| Section 2(f) Claim of acquired distinctiveness (if applicable) | |
| Additional statements including use of the mark in another form (if applicable) | |
| Significance of mark | |
| Disclaimer | |

## Attorney information

### Attorney name and address

| | |
|---|---|
| *Name | Ethan Ung |
| Law firm | Updike Kelly & Spellacy PC |
| *Address line 1 | 225 Asylum St. |
| *City | Hartford |
| *State/territory | Connecticut |
| *Zip/postal code | 06103 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | eung@uks.com |
| Primary telephone number | (860) 548-2600 |
| Extension | None specified. |

### Attorney registration information

| | |
|---|---|
| *Bar membership or registration number | ******* |
| *Jurisdiction | ******* |
| *Year of admission | ******* |

Statement of good standing

The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state or commonwealth, the District of Columbia, or any U.S. territory.

Docket or reference number

100445.000004

## Correspondence information

| | |
|---|---|
| *Correspondence name | Ethan Ung |
| *Primary correspondence email address | eung@uks.com |
| Docket or reference number | 100445.000004 |
| Courtesy copy email addresses | hello@facebo.com; trademark@uks.com; ethan.j.ung@outlook.com |

## Fee information

| | |
|---|---|
| Application filing option | Trademark/service mark application, Principal Register |
| Number of classes | 1 |
| Base application fee, per class | $ 350 |
| Total fees paid | $ 350 |

## Declaration and signature

### Declaration

[ X ] Basis:

If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

And/or

If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), §

1126(d), and/or § 1126(e):
- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

[ X ] To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

[ X ] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

[ X ] The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

| | |
|---|---|
| Electronic Signature | /johnathan nader/ |
| Signatory's name | Johnathan Nader |
| Signatory's position | Co-Founder |
| Date signed | 07/03/2025 |
| Signature method | Electronic signature emailed to third party |

STAMP:USPTO/APPB-**.***.*.***-20250703200623633-99267345-16.1-4fa2fada-0536-4570-9409-b7d006e45f6f-CARD-20250703191832920428

facebo

URL: https://facebo.com/
Date access: July 3, 2025



URL: https://facebo.com/pricing/?lang=en
Date Access: July 3, 2025



# EXHIBIT 3



**Kilpatrick  Townsend  &  Stockton LLP**
ktslaw.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528

direct dial 404 815 6033
direct fax 678 802 7344
JRossington@ktslaw.com
Tlord@ktslaw.com
Klawton@ktslaw.com

November 10, 2025

VIA EMAIL
eung@uks.com; ethan.j.ung@outlook.com; trademark@uks.com; hello@facebo.com; hello@faceb.com

Ethan Ung
Updike, Kelly & Spellacy PC
225 Asylum St
Hartford, CN 06103

Re:    U.S. Trademark Applications for FACEBO (Appl. No. 99267345) in Cl. 42 and FACEB (Appl. No. 99154889) in Cl. 42

*KTS Refs. 1513160; 1520843*

Dear Mr. Ung,

We represent Meta Platforms, Inc. ("MP"), the owner and operator of the world-famous Facebook social network service and online platform. You are undoubtedly familiar with Facebook and its international recognition as a provider of online services and products, which are available through various channels, including its website, www.facebook.com.

It has recently come to our attention that your client, Faceb LLC, has filed trademark applications in the United States for the marks FACEB (Appl. No. 99154889) and FACEBO (Appl. No. 99267345) in International Class 42 (collectively, the "Infringing Marks"), each covering "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections."

MP owns exclusive rights to the FACEBOOK mark, including rights secured through various common law uses and registrations in the United States (Reg. Nos. 7,381,038, 4,339,123, 3,734,637, 3,814,888, 3,801,147, among many others) and internationally. The FACEBOOK mark is one of the world's most prominent brands. Billions of people use Facebook each month, and because of Facebook's immense popularity, Facebook and the FACEBOOK mark are frequently, if not daily, referenced in the media and pop culture. The FACEBOOK mark is indisputably famous and therefore entitled to broad legal protection. *See, e.g.*, *Facebook, Inc. v. Think Computer Corporation* (Opposition No. 91198355), available at http://ttabvue.uspto.gov/ttabvue/ttabvue-91198355-OPP-64.pdf (finding the fame of the FACEBOOK mark "particularly significant because the evidence shows that it is well known to the general public, as well as to users of social networking services" and that the FACEBOOK mark is therefore "accorded more protection precisely because it is more likely to be remembered and associated in the public mind").

eung@uks.com ethan.j.ung@outlook.com trademark@uks.com
hello@facebo.com hello@faceb.com
November 10, 2025
Page 2

As a responsible brand owner, MP proactively monitors and enforces against marks that may create a likelihood of confusion with its well-known FACEBOOK trademarks. Where marks appear to be a reference to Facebook, or to use terms or design elements to create a mental association with Facebook or its services, they are confusingly similar to and potentially dilutive of the famous FACEBOOK mark. Similarly, you may be aware, asserting rights over the Facebook brand, whether by trademark registration, domain name registration, or otherwise, is expressly prohibited under MP's Brand Guidelines, which can be accessed at  https://www.facebook.com/brand/resources/meta/our-trademarks/. Such guidelines are implemented to ensure consistent use of MP assets to help others recognize references to MP while protecting MP's trademarks.

The Infringing Marks, FACEB and FACEBO, are almost identical to MP's FACEBOOK mark and covers identical or related services in Class 42.  Moreover, your client appears to be using the applied-for marks in direct connection with the Facebook platform at https://faceb.com/ and https://facebo.com/ as shown below:



eung@uks.com ethan.j.ung@outlook.com trademark@uks.com
hello@facebo.com hello@faceb.com
November 10, 2025
Page 3

Specifically, your client is providing a "Facebook Video Downloader,"  "Facebook Photo Downloader," "Facebook Profile Downloader," "Facebook Reels Downloader," and "Facebook Profile Viewer." It is clear that your client's use of the Infringing Marks are deliberate references to Facebook and is likely to create the mistaken impression that your client is endorsed by or affiliated with our client. MP is consequently concerned that consumers will erroneously conclude that your client's services are offered, endorsed by, or associated with Facebook, when they are not.

Therefore, we request your client:
1. Expressly withdraw their applications for the Infringing Marks;
2. Cease any and all current and intended future use of the FACEB and FACEBO marks (in any form, including as part of a domain name, website, or online service);
3. Agree not to use or seek to register, in the United States or elsewhere, any marks that incorporate components of the FACEBOOK mark (including "FACE" or "BOOK"), or any other Facebook logos, designs, abbreviations (such as "FB"), or branding elements.

We look forward to hearing from you as soon as possible, though ***no later than two weeks from the date of this letter***. Please feel free to contact me directly to discuss this by phone or email at your earliest convenience. We certainly hope to resolve this matter amicably and without the need for legal proceedings.

This letter is without prejudice to any and all rights of MP, all of which are expressly reserved.

Best regards,

*/s/ Jenine Rossington*
Jenine Rossington